**Karen BRAITHWAITE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 94–C–1388.

United States District Court,
D. Colorado.

Oct. 24, 1994.

William Pharo, Asst. U.S. Atty., Karen Lynne Baker, Trial Atty., Tax Div., Washington, DC, for U.S.

Janet Tyler, Laramie, WY.

## ORDER

CARRIGAN, District Judge.

Plaintiff Karen Braithwaite commenced this action against the United States seeking a tax refund. Defendant has filed a motion to dismiss or, in the alternative, a motion for summary judgment. Plaintiff has responded by opposing the motion.

The issues have been fully briefed and oral argument would not materially assist the decision process. Jurisdiction exists pursuant to 28 U.S.C. § 1346(a)(1).

## I. BACKGROUND.

Plaintiff's father and brother were the primary owners of two businesses, RA–TEK Investment Corporation (RA–TEK) and Terry's Southglenn Texaco, Inc. (Terry's Texaco). Plaintiff was a one percent shareholder of each. Both RA–TEK and Terry's Texaco were delinquent in payment of income and payroll taxes. In 1987, the Internal Revenue Service (IRS) assessed a 100% penalty against the plaintiff pursuant to 26 U.S.C. § 6672. In May or June, 1989, and again in May 1990, the IRS withheld the plaintiff's income tax refunds and applied them against the penalty. On November 4, 1992, the plaintiff filed a Form 843 Claim for Refund with the IRS, contesting her liability under § 6672 and seeking a refund of the penalty assessments. The claim was denied on April 28, 1994. Plaintiff then commenced this action.

## II. ANALYSIS.

The parties have asked the court to consider matters outside the pleadings, thus pursuant to Fed.R.Civ.P. 12(b), the defendant's motion to dismiss will be considered a motion for summary judgment.

Summary judgment is proper if the pleadings, depositions and affidavits, if any, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a properly supported summary judgment motion may not rest upon mere allegations of the complaint, but must set forth evidence of specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). A factual dispute is material only if, under governing law, its resolution might affect the action's outcome. A factual dispute is genuine only if a reasonable fact finder could return a verdict for the nonmoving party. *Id.*

Defendant argues that the plaintiff's administrative claim for refund was not filed timely and therefore this court lacks jurisdic-

tion over her civil suit for refund.[1] Plaintiff responds that she met all claim requirements.

Section 6511(a), 26 U.S.C., requires that a claim for credit or refund be filed within three years from the time the return was filed or two years from the time the tax was paid, whichever is later.[2] Section 6511(b) provides that no refunds are allowed after expiration of the limitations period in § 6511(a), unless a claim for credit or refund has been made by the taxpayer within that time.

■ Defendant argues that the plaintiff's claim for refund was untimely because more than two years passed between the dates the IRS credits were applied—May or June 1989, and May 1990—and November 4, 1992, the date on which the plaintiff filed her refund claim form. Plaintiff responds that an informal claim can suffice for the formal claim requirement of § 6511(a).

■ It is well established that an informal claim may be an appropriate substitute for a timely filed formal claim. *United States v. Kales,* 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132 (1941). However, there must be a written component to the informal claim for refund, and it must be made within the applicable statutory period. *See Wall Indus., Inc. v. United States,* 10 Cl.Ct. 82, 98 (1986); *Furst v. United States,* 678 F.2d 147, 151–52, 230 Ct.Cl. 375 (1982).

Plaintiff alleges that she sent numerous letters to the IRS, notifying it of her position that she is not responsible for the 100% penalty assessments. She has presented evidence of one such letter dated September 15, 1992. However, this letter is dated after the applicable limitations period, which ended May 28, 1992. Plaintiff has presented no admissible evidence to support her assertion that she provided the IRS written notice of her refund claim within the limitations period. Thus, I find and conclude that the plaintiff's informal refund claim was untimely and is not an appropriate substitute for timely filing of a formal claim.

■ Plaintiff argues that the requirement of a timely claim for refund should be waived because the IRS considered her formal claim despite its having been filed out of time. However, the Supreme Court unequivocally has held that the jurisdictional requirements of § 7422 cannot be waived. *See United States v. Dalm,* 494 U.S. 596, 608–10, 110 S.Ct. 1361, 1368–69, 108 L.Ed.2d 548 (1990).

Because the plaintiff's administrative claim for refund was untimely with respect to taxes paid in 1989 and 1990, the requirements of § 7422(a) have not been met and this court lacks jurisdiction over the plaintiff's action.[3]

Accordingly IT IS ORDERED that the plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

---

**1.** Section 7422(a), 26 U.S.C., provides that a suit for an internal revenue tax refund cannot be maintained until a claim for refund has been filed with the Secretary "according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

**2.** Because no return is filed in connection with § 6672 liability, the refund claim must be filed within two years from the date the tax was paid. "Payment" is deemed to occur on the date the credit is applied against the outstanding tax liability. 26 U.S.C. § 7422(d).

**3.** Exhibit A to the defendant's motion for summary judgment reveals that a payment in the amount of $931.58 was made on August 19, 1993, for the plaintiff's § 6672 liability for RA-TEK. This payment is not contested in the complaint, allegedly because the plaintiff was not aware of it until reading the defendant's motion to dismiss. Because the § 6511 limitations period on this tax has not expired, the plaintiff may pursue a refund of that assessment by following the procedures necessary to ensure that the court has jurisdiction of her claim.